UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEATHER BRYANT,

                    Plaintiff,

        v.

SECURITY SERVICES NORTHWEST, INC.,

                    Defendant.

CASE NO. C25-6034 BHS

ORDER

        THIS MATTER is before the Court on pro se plaintiff Heather Bryant's motions to appoint counsel, Dkt. 6; for leave to file a second amended complaint, Dkt. 9; for leave to file a third amended complaint, Dkt. 12; for an order directing service by the United States Marshal, Dkt. 13; and for a status conference, Dkt. 17. Based on Bryant's indigency, Magistrate Judge Theresa Fricke granted Bryant's application to proceed *in forma pauperis*, Dkt. 4, leaving to this Court evaluation of whether Bryant's complaint asserts a plausible claim and should be served. 28 U.S.C. § 1915(e)(2)(b).

        A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."

ORDER - 1

*Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Bryant's operative complaint, Dkt. 5, does not meet this standard. She alleges that non-party Daniel Woods, her co-worker at defendant Security Services Northwest (SSNW) sexually assaulted her "in or around 2022." Dkt. 5 at 13. She claims she was subjected to sexual harassment by her direct SSNW supervisor, Terence Uehana, in September 2023 – November 2023, including "lewd or inappropriate comments, coercive

pressure, and behavior indicating that plaintiff's continued favorable scheduling, job security, and access to Echo Glen work depending on maintaining a personal dynamic that plaintiff did not want." *Id.* She asserts she complained of these events "to SSNW management," and was warned that "if you want to remain on this contract my suggestion to you is not to repeat this conversation and keep mouth shut." *Id*. at 14. She does not identify the speaker or their title.

Bryant claims that in December 2023, she was removed from the Echo Glen contract in retaliation, and that SSNW defamed her. *Id*. at 17. Bryant's initial complaint asserted Title VII claims for discrimination and hostile work environment, retaliation, violation of the Washington Law against Discrimination (WLAD), "isolated employee sexual harassment protections," ADA[1]/FMLA interference and retaliation, defamation, negligent supervision (over "certain agents"), and spoliation. *Id*. at 20–26. She seeks $229,600 in lost wages, and non-economic emotional distress damages. *Id*. at 29.

Bryant's proposed second amended and third amended complaints (Dkts. 6 and 9), add some detail to her conclusory and vague allegations. Her most recent proposed pleading adds detail about the date Woods assaulted and the person to whom she reported that assault, and alleges that SSNW's only response was to add a scheduling note, "do not schedule with Daniel Woods." Dkt. 12-1 at 4. She also adds detail about Uehana's harassment, including quotes rather than characterizations. *Id*. at 5. She also identifies various other employees and their offending conduct. *Id*. at 6–14. But none of these

---

[1] Bryant does not allege that she was disabled, identify any reasonable accommodations she sought, or describe who or how or when denied them.

ORDER - 3

people are named defendants, and Bryant includes very few allegations about the actual conduct of the only entity she sued, SSMW.

Bryant's allegations about the defendant remain wholly conclusory: "Defendant is vicariously liable." Dkt. 12-1 at 14. "Defendant subjected Plaintiff to materially adverse actions." *Id.* at 15. "Defendant published false statements accusing Plaintiff of sexual misconduct." *Id.* "Defendant failed to engage in the interactive process." *Id.* "Defendant interfered with protected medical leave." *Id.* These are no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. This is insufficient under the *Iqbal/Twombly* plausibility standard, and it is not enough to proceed *in forma pauperis*. Bryant has not plausibly alleged facts allowing the Court to draw the reasonable inference that SSNW is liable for the specific misconduct she alleges.

Unless it is clear that they could not do so, Court will generally permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Bryant may file a (new) amended complaint **within 30 days**, addressing the "who, what, when, where, why, and how" of a factual story allowing *the Court* to draw the reasonable inference that SSNW is liable for the misconduct she alleges. *Why* is SSNW vicariously liable? *How* did it defame her? What disability did SSNW fail to reasonably accommodate, and how?

ORDER - 4

Unless and until she has stated a plausible claim against defendant SSNW, Bryant's motions for appointment of counsel and service by the U.S. Marshal are premature. There is rarely a need for an ex parte "status conference," and no reason for one is apparent here.

Bryant's latest motion for leave to amend her complaint, Dkt. 12, is **GRANTED**, but not to file her proposed third amended complaint, Dkt. 12-1, for the reasons described in this Order. It does not state a plausible claim.

Bryant's first motion to amend, Dkt. 9, is mooted by her second, Dkt. 12, and it is **DENIED**. Her remaining motions (Dkts. 6, 13, and 17) are premature and they are **DENIED** without prejudice to re-file after she has stated a plausible claim.

Additionally, the Court notes that each version of Bryant's complaint recites that the events of which she complains all occurred in King County. *See* Dkt. 5 at 8; Dkt. 12-1 at 4–8.

Under Western District of Washington Local Rule (LCR) 3(e), cases in which the claim arose in King County will usually be assigned to a judge in Seattle. The Clerk shall reassign this case to a Seattle judge consistent with this Local Rule.

IT IS SO ORDERED.

Dated this 3rd day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5